## Lloyd Conatser v. The State.

No. 11527.   Delivered June 6, 1928.
Rehearing denied October 10, 1928.

The opinion states the case.

*J. F. Cunningham* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for 99 years.

The trial was had in Jones County on a change of venue from Fisher County.

Appellant lived at the home of Bill Smith.  Bob Smith, sheriff of Fisher County, and Jake Owens, deputy sheriff of said  county,

came to the home of Bill Smith and inquired if he had a bill of sale to his automobile.  Smith produced some papers.  Bill Smith then aided the officers in fixing a flat tire.  After the tire had been fixed, Bill Smith told appellant that the officers were going to take him to town and asked appellant to go with him for the purpose of helping him to make bail, if necessary.  The sheriff agreed that appellant might go with them.  The parties proceeded toward town in an automobile.  Appellant testified that, after they had driven a short distance, Bill Smith said: "I am not going no further; stick them up and head this thing to Double Mountain River"; that Bill Smith was pointing his gun toward the sheriff; that he, appellant, tried to get out of the car; that the sheriff grabbed at the gun with both hands and that Bill Smith fired; that when the first shot was fired he, appellant, got out of the car and began to run; that as he got out of the car he heard a second shot; that when the second shot was fired he was running away; that he, appellant, did not have a pistol but had his gloves in his hand while running; that he fired no shots during the difficulty.  Witnesses for the state testified, in substance, that after the parties had proceeded for a short distance, Bill Smith, who was sitting on the left side of the rear seat, shot the sheriff in the back without warning; that appellant, who was sitting to the right of the sheriff on the front seat, jumped out of the car about the time a second shot was fired and ran away with a pistol in his hand; that Owens jumped out of the car and was followed by Bill Smith who shot him in the back and killed him.  Both officers were killed.  The state's testimony was further to the effect that Bill Smith had threatened to kill the sheriff if he ever attempted to arrest him.  The state introduced in evidence appellant's voluntary confession, which, omitting the formal parts, reads as follows:

"I was riding in the front seat with Bob Smith when the shooting started.  When I came out of the house to go to town with the Sheriff I had a pistol in my pocket and got in the car with the Sheriff with this pistol on my person and had it out in my hand when I jumped out of the car after the shooting started.  I ran away from the scene of the killing with this pistol in my hand.  While the officers were at the house and before we left Bill Smith gave me this gun in the house and told me to put it in my pocket as we might need it.  I knew Bill Smith had a pistol when he left his house and got into the car with the officers.  When I heard the first shot fired I began to get my gun out of my right hand hip pocket.  After I had gotten up partly from the seat and was starting to get

out of the car I fired my gun into the car and toward the left hand side of the front seat where Bob Smith was setting. I don't know whether I hit Bob Smith or not. I fired at him and ran away from the car toward Bill Smith's house. We ran to the house and left in a car with our wives. This occurred on the 27th of August, 1927."

After killing the sheriff and his deputy, appellant and Smith returned to appellant's home, secured appellant's car and with their wives fled. Appellant was arrested in the state of Mississippi, and returned to Texas for trial.

Appellant timely excepted to the charge of the court for its failure to embody an instruction to the effect that if the arrest of Bill Smith was illegal, he had the right to regain his' liberty, using such force as was reasonably necessary to free himself from the illegal restraint, and that if the arrest of Smith was illegal, appellant had the right to aid Smith to free himself by such means as were reasonably necessary under the circumstances. The exception was not well taken. In the first place, the record fails to show that Smith had been illegally arrested. Although the testimony shows that no warrant of arrest was found on the bodies of the officers, the record affirmatively reflects the undisputed fact that Smith was an escaped convict. An escaped convict may be arrested without a warrant. Ex parte Sherwood, 15 S. W. 812. Whether the officers knew such fact and by reason thereof arrested Smith does not appear. Be that as it may, we fail to find any testimony raising the issue contended for by appellant. See Miers v. State, 29 S. W. 1074.

Appellant contended that the confession introduced by the state had not been voluntarily made. It is shown by the record that witnesses for the state testified to facts indicating that appellant made the confession without any inducement, coercion or persuasion on the part of any person. Appellant testified that he was cursed and abused by one of the officers prior to making the confession and that at the time he made the confession he was in fear of said officer. The officer denied the accusations. The testimony being conflicting, the court properly submitted the issue to the jury, with the instruction to disregard the confession if it had not been voluntarily made. Corona v. State, 300 S. W. 791, and authorities cited.

We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, Judge.—We are not able to follow appellant in the contention made in his motion for rehearing, that it was error for the trial court to refuse to instruct the jury upon the right of Bill Smith to defend himself, a right which might have inured to the benefit of appellant who, according to the State, was a principal offender with Smith in the homicide,—appellant having excepted to the court's charge for its refusal to so instruct the jury.

No witness testified to facts from which the jury might have concluded that Smith was the victim of an illegal arrest, or that any violence was offered to Smith by any of the officers of the arresting party. The most that could be said along this line is that appellant testified on this trial, that after the officers came to the house where he and Smith were and talked to Smith, the latter asked appellant to go with them to Roby, saying that they were going over to talk with Mr. Ferrell and they might lock him, Smith, up and if they did he would want appellant to get Hammit and make bond. Appellant testified that yielding to Smith's request he got in the car with Smith and the officers. He said he heard no mention of arrest or anything of that kind. After starting away he said Smith pulled out a pistol, pointed it at the deputy sheriff driving the car and said he was not going any further and for them to stick up their hands and drive towards Double Mountain River. He further said the deputy grabbed at Smith's pistol and the latter fired. This fails to present any theory of self-defense, and the trial court was not in error in failing to charge the law of such issue. We do not feel called on to discuss the question of the right of the officers to arrest Smith on the ground of his being an escaped convict.

Finding no error in our original opinion of affirmance, the motion for rehearing will be overruled.

*Overruled.*